McQUILKIN et al. v DELAWARE RIVER IRON STEAMSHIP & ENGINE WORKS.

(District Court, E. D. Pennsylvania. July 25, 1903.)

No. 80.

1. WHARVES—HIDDEN OBSTRUCTION CAUSING SINKING OF BARGE—EVIDENCE CONSIDERED.

Evidence *held* not to sustain libelants' claim that a hidden obstruction existed at respondent's wharf, which caused the sinking of libelants' barge.

In Admiralty. Action for injury to barge at respondent's wharf. On final hearing.

Willard M. Harris, for libelant.

Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. The owners of the steam barge Walston complain in this proceeding that, after the barge had tied up with a cargo of sand at the respondent's wharf on the Delaware river, she was injured by coming in contact with a submerged piling connected with the wharf, which pierced her bottom, and there-

by caused her to sink in a short time, thus inflicting the various losses that are referred to in the testimony. The gravamen of the libel is the respondent's negligence in permitting a dangerous obstruction to exist under water without giving warning or notice of any kind to vessels that were permitted to unload at a public wharf. Obviously, therefore, the first question to be answered is, was there in fact such an obstruction? And with this inquiry a good deal of the testimony is naturally and properly concerned. I have read it all with care, and my conclusion is that it fails to establish the existence of the submerged piling, which the libelants charge to have been the efficient cause of the damage. Indeed, I think it is no more than fair to the respondent to go a step farther, and to say that the weight of the testimony justifies the affirmative finding that there was no such obstruction as is complained of in the libel.

What may have injured the barge, or when the damage was done, the testimony does not disclose, and it is not material to inquire further. Perhaps some help might have been afforded if the libelants had called some witness from the yard where the repairs were made. As the cost of restoration was only $32, details of the injury from such a source might have thrown some more satisfactory light on the force that produced it; but no such person was called, and the interested witnesses that were examined concerning the appearance of the break in the bottom differ a good deal upon this point, one witness saying, "It was not an open hole; it was a puncture—shoved open;" and two others apparently saying that there was a hole driven through, 7 inches by 12. But I lay no stress on this discrepancy. As already stated, I think the testimony as a whole warrants the conclusion, not only that the libelants have failed to sustain the burden of proving the existence of the obstruction, but that in fact no such obstruction was there.

The libel must be dismissed, with costs.